# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   **Steven Jerol Hearron**             Case No:
                    **Kerilyn Hearron**

This plan, dated **April 29, 2011**, is:

- ■ the *first* Chapter 13 plan filed in this case.
- ☐ a modified Plan, which replaces the
    ☐confirmed or ☐unconfirmed Plan dated .

    Date and Time of <u>Modified Plan</u> Confirming Hearing:

    Place of <u>Modified Plan</u> Confirmation Hearing:

    The Plan provisions modified by this filing are:

    Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

   Total Assets: **$262,085.00**
   Total Non-Priority Unsecured Debt: **$43,979.16**
   Total Priority Debt: **$2,718.16**
   Total Secured Debt: **$296,233.00**

Page 1of 6

1.  **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$1,016.00 Monthly for 60 months**. Other payments to the Trustee are as follows: __**NONE**__ . The total amount to be paid into the plan is $__**60,960.00**__ .

2.  **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.  **Administrative Claims under 11 U.S.C. § 1326.**

    1.  The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2.  Debtor(s)' attorney will be paid $__**2,174.00**__ balance due of the total fee of $__**2,500.00**__ concurrently with or prior to the payments to remaining creditors.

    B.  **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Internal Revenue Service** | **Taxes and certain other debts** | **850.00** | **Prorata 15 months** |
| **Louisa County Treasurer** | **Taxes and certain other debts** | **1,868.16** | **Prorata 15 months** |

3.  **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.  **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Gemb/home Design-floor** | **Bed--4 years old** | **Opened 2/01/07 Last Active 4/20/10** | **1,558.00** | **300.00** |
| **Santander Consumer Usa** | **2007 Dodge Charger  73,500 mi** | **Opened 7/01/07 Last Active 3/23/11** | **12,141.00** | **14,300.00** |

    B.  **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Ocean Beach Club Llc** | **Timeshare in Virginia Beach** | **750.00** | **13,196.00** |

C.  **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Ford Motor Credit Corporation** | **2008 Ford F250 Superduty SRW 60,241 mi  NADA VALUE** | **50.00** | |
| **Gemb/home Design-floor** | **Bed--4 years old** | **25.00** | |
| **Santander Consumer Usa** | **2007 Dodge Charger  73,500 mi** | **50.00** | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.  **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Ford Motor Credit Corporation** | **2008 Ford F250 Superduty SRW 60,241 mi  NADA VALUE** | **25,723.00** | **5.25%** | **488.38 60 months** |
| **Gemb/home Design-floor** | **Bed--4 years old** | **300.00** | **5.25%** | **25.72 12 months** |
| **Santander Consumer Usa** | **2007 Dodge Charger  73,500 mi** | **12,141.00** | **5.25%** | **230.51 60 months** |
| **Virginia Department of Taxatio** | **3976 Moody Town Rd Bumpass, VA 23024 single-family dwelling in Louisa County RE Tax assessment: $210,900** | **1,407.00** | **0%** | **Prorata 8 months** |

E.  **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.  **Unsecured Claims.**

A.  **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __**16**__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __**0**__ %.

B.  **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

5.  **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A.  **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| GMAC | 3976 Moody Town Rd Bumpass, VA 23024 single-family dwelling in Louisa County RE Tax assessment: $210,900 | 1,764.50 | 0.00 | 0% | 0 months | |

    B.  **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    C.  **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6.  **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    A.  **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

    B.  **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                                     Best Case Bankruptcy

**7.**  **Liens Which Debtor(s) Seek to Avoid.**

  **A.**  **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

  **B.**  **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.**  **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**  **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**  **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.**  **Other provisions of this plan:**


**Signatures:**

**Dated:**  April 29, 2011

/s/ Steven Jerol Hearron                                    /s/ Roger C. Hurwitz
**Steven Jerol Hearron**                                      **Roger C. Hurwitz 51016**
**Debtor**                                                                **Debtor's Attorney**

/s/ Kerilyn Hearron
**Kerilyn Hearron**
**Joint Debtor**

**Exhibits:**  Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with Plan

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

Certificate of Service

    I certify that on __**April 29, 2011**__, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

    **/s/ Roger C. Hurwitz**
    **Roger C. Hurwitz 51016**
    Signature

    **The Debt Law Group, PLLC**
    **PO Box 5928**
    **Glen Allen, VA 23058**
    Address

    **804-308-0051**
    Telephone No.

Ver. 09/17/09 [effective 12/01/09]

**B6I (Official Form 6I) (12/07)**

In re **Steven Jerol Hearron / Kerilyn Hearron**  
Debtor(s)

Case No.

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Daughter / Daughter** | AGE(S): **12 / 17** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Tire salesman** | **Cashier** |
| Name of Employer | **GCR Tire Service** | **The Barn @ Lake Anna** |
| How long employed | **1.5 years** | **3 months** |
| Address of Employer | **10991 Richardson Road / Ashland, VA 23005** | **2800 Lewistown Road / Bumpass, VA 23024** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **7,247.00** | $ **1,365.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **7,247.00** | $ **1,365.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **1,239.00** | $ **195.00** |
| b. Insurance | $ **416.00** | $ **0.00** |
| c. Union dues | $ **0.00** | $ **0.00** |
| d. Other (Specify) **See Detailed Income Attachment** | $ **286.00** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **1,941.00** | $ **195.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **5,306.00** | $ **1,170.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): **Prorated tax refund** | $ **58.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **58.00** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **5,364.00** | $ **1,170.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **6,534.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:  
**Joint Debtor is currently only allowed to work 35 hours/week @ $9/hr.**

**B6I (Official Form 6I) (12/07)**

In re **Steven Jerol Hearron / Kerilyn Hearron**,  Case No. _____

Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| Dent | $ 64.00 | $ 0.00 |
| LTD | $ 22.00 | $ 0.00 |
| Retire SVPL | $ 200.00 | $ 0.00 |
| **Total Other Payroll Deductions** | $ **286.00** | $ **0.00** |

**B6J (Official Form 6J) (12/07)**

In re **Steven Jerol Hearron / Kerilyn Hearron**, Debtor(s)     Case No. _____

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,764.50 |
|   a. Are real estate taxes included? Yes **X** No ___ | |
|   b. Is property insurance included? Yes **X** No ___ | |
| 2. Utilities:  a. Electricity and heating fuel | $ 300.00 |
|                 b. Water and sewer | $ 0.00 |
|                 c. Telephone | $ 215.00 |
|                 d. Other **See Detailed Expense Attachment** | $ 375.00 |
| 3. Home maintenance (repairs and upkeep) | $ 100.00 |
| 4. Food | $ 750.00 |
| 5. Clothing | $ 250.00 |
| 6. Laundry and dry cleaning | $ 50.00 |
| 7. Medical and dental expenses | $ 450.00 |
| 8. Transportation (not including car payments) | $ 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|          a. Homeowner's or renter's | $ 0.00 |
|          b. Life | $ 0.00 |
|          c. Health | $ 0.00 |
|          d. Auto | $ 173.17 |
|          e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) **Personal Property Tax** | $ 90.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|          a. Auto | $ 0.00 |
|          b. Other | $ 0.00 |
|          c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ 400.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 5,517.67 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

___

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ 6,534.00 |
| b. Average monthly expenses from Line 18 above | $ 5,517.67 |
| c. Monthly net income (a. minus b.) | $ 1,016.33 |

**B6J (Official Form 6J) (12/07)**

In re **Steven Jerol Hearron**
**Kerilyn Hearron** Case No.

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
**Detailed Expense Attachment**

**Other Utility Expenditures:**

| | |
|---|---:|
| Propane | $ 160.00 |
| DirectTV | $ 95.00 |
| Internet | $ 120.00 |
| **Total Other Utility Expenditures** | $ **375.00** |

**Other Expenditures:**

| | |
|---|---:|
| Educational Expenses for minors | $ 120.00 |
| Personal hygiene | $ 100.00 |
| Emergency Funds | $ 100.00 |
| Pet food & care | $ 80.00 |
| **Total Other Expenditures** | $ **400.00** |

Hearron, Steven and Kerilyn -

BENEFICIAL
2035 PLANK ROAD
WESTWOOD CENTER SUITE 5
FREDERICKSBURG, VA 22401

BENEFICIAL / HSBC
VIRGINIA BEACH PROCESSING CNTR
PO BOX 8873
VIRGINIA BEACH, VA 23450

BENEFICIAL CUSTOMER SERVICE
PO BOX 3425
BUFFALO, NY 14240-9733

CACH LLC
ATTN: BANKRUPTCY DEPT
4340 S MONACO ST 2ND FL
DENVER, CO 80237

CAPITAL ONE, N.A.
BANKRUPTCY DEPT
PO BOX 5155
NORCROSS, GA 30091

CBC INC
PO BOX 6220
CHARLOTTESVILLE, VA 22906-6220

CBE GROUP
1309 TECHNOLOGY PKWY
CEDAR FALLS, IA 50613

ENCORE
400 N ROGERS RD
PO BOX 3330
OLATHE, KS 66063-3330

EOS CCA ED ADMINISTRATIVE UNIT
PO BOX 5369
NORWELL, MA 02061-5369

FINANCIAL MANAGEMENT SYSTEMS
FMS INVESTMENT CORP
PO BOX 1423
ELK GROVE VILLAGE, IL 60009-1423

Hearron, Steven and Kerilyn -

FIRSTPOINT COLLECTION RESOURCE
225 COMMERCE PLACE
PO BOX 26140
GREENSBORO, NC 27402-6140

FORD MOTOR CREDIT CORPORATION
NAT'L BANKRUPTCY SVC CNTR
PO BOX 537901
LIVONIA, MI 48153

FREDERICKSBURG CR BUR
10506 WAKEMAN DR
FREDERICKSBURG, VA 22407

GE MONEY BANK
GE CONSUMER FINANCE
PO BOX 960061
ORLANDO, FL 32896-0661

GEMB/HOME DESIGN-FLOOR
PO BOX 981439
EL PASO, TX 79998

GLASSER & GLASSER
PO BOX 3400
NORFOLK, VA 23514

GMAC
ATTENTION: BANKRUPTCY DEPT.
1100 VIRGINIA DRIVE
FORT WASHINGTON, PA 19034

HENRICO DOCTOR'S HOSPITAL
PO BOX 99400
LOUISVILLE, KY 40269

HSBC BANK
PO BOX 5253
CAROL STREAM, IL 60197

HSBC BEST BUY
ATTN: BANKRUPTCY
PO BOX 5263
CAROL STREAM, IL 60197

Hearron, Steven and Kerilyn -

HSBC/RS/BENEFICIAL
ATTN: BANKRUPTCY
PO BOX 5263
CAROL STREAM, IL 60197

INTERNAL REVENUE SERVICE
400 N 8TH STREET, BOX 76
STOP ROOM 898
RICHMOND, VA 23219

JCPENNEY
PO BOX 981131
EL PASO, TX 79998-1131

KOHLS
ATTN: RECOVERY DEPT
PO BOX 3120
MILWAUKEE, WI 53201

LOUISA COUNTY RESCUE
PO BOX 1777
LOUISA, VA 23093

LOUISA COUNTY TREASURER
P. O. BOX 523
LOUISA, VA 23093

NORTH SHORE AGENCY
4000 EAST FIFTH AVE
COLUMBUS, OH 43219

OCEAN BEACH CLUB LLC
932 LASKIN RD
VIRGINIA BEACH, VA 23451

PATIENT FIRST
2300 E PARHAM RD
HENRICO, VA 23228

SANTANDER CONSUMER USA
PO BOX 961245
FT WORTH, TX 76161

Hearron, Steven and Kerilyn -

ST. MARY'S HOSPITAL
PO BOX 28538
HENRICO, VA 23228

STAFFORD COUNTY RESCUE
PO BOX 339
STAFFORD, VA 22555

TACS
PO BOX 71476
HENRICO, VA 23255-1476

TARGET
PO BOX 59317
MINNEAPOLIS, MN 55459

TATE & KIRLIN ASSOCIATES
2810 SOUTHAMPTON ROAD
PHILADELPHIA, PA 19154-1207

US DEPARTMENT OF EDUCATION
DEBT LOAN SERVICING CENTER
PO BOX 5609
GREENVILLE, TX 75403-5609

US DEPT OF EDUCATION
ATTN: BORROWERS SERVICE DEPT
PO BOX 5609
GREENVILLE, TX 75403

VERIZON VA
500 TECHNOLOGY DR
WELDON SPRING, MO 63304

VIRGINIA DEPARTMENT OF TAXATIO
PO BOX 2156
RICHMOND, VA 23218